THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE
WILLIAM RANDALL, Appellant.

Third Department, July 27, 1960.

*Donald L. Slater* for appellant.

*Leslie E. Briggs, District Attorney,* for respondent.

REYNOLDS, J. Defendant has appealed from a judgment rendered by the County Court of Cortland County after a trial by jury, convicting him of an attempt to commit the crime of sodomy in the second degree.

The indictment is in the following language, "The said defendant, on or about the 4th day of February, 1959, in the Town of Preble, County of Cortland, State of New York, then being over the age of twenty-one, to wit: fifty-nine (59) years of age, engaged in an act of carnal knowledge by the anus with one James Dey Proctor, a person under the age of eighteen (18) years, to wit; sixteen (16) years of age, and aided and abetted said James Deyo Proctor in an act of carnal knowledge by the anus with the defendant; against the form of the statute in such case made and provided."

The facts proven, briefly are that this 59-year-old defendant voluntarily submitted to an act of sodomy by the anus, perpetrated by the 16-year-old James Proctor. In other words the adult was the pathic and the infant was the one who had the carnal knowledge.

Former section 690 of the Penal Law read as follows, "A person who carnally knows in any manner any animal or bird; or carnally knows any male or female person by the anus or by or with the month; or voluntarily *submits to such carnal*

*knowledge;* or attempts sexual intercourse with a dead body is guilty of sodomy and is punishable with imprisonment for not more than twenty years." (Emphasis suplied.)

Section 690 of the Penal Law as amended (L. 1950, ch. 525, § 15, eff. April 1, 1950) after setting forth five paragraphs constituting sodomy in the first degree (against the will and without the consent of the victim or under circumstances where lack of consent is implied) sets forth in two unnumbered paragraphs sodomy in the second degree and sodomy as a misdemeanor as follows:

" A person twenty-one years of age or over who carnally knows by the anus or by or with the mouth any male or female person under the age of eighteen years, under circumstances not amounting to sodomy in the first degree is guilty of sodomy in the second degree and punishable with imprisonment for not more than ten years.

" A person who carnally knows any male or female person by the anus or by or with the mouth under circumstances not amounting to sodomy in the first degree or sodomy in the second degree is guilty of a misdemeanor. As amended L. 1950, c. 525, § 15, eff. April 1, 1950."

" Carnal knowledge " means sexual intercourse. (Cf. 6 Words and Phrases, p. 160 and cases cited therein; Black's Law Dictionary [4th ed.] p. 268; Webster's New International Dictionary [2d ed.] p. 408.)

The Legislature since 1886 (L. 1886, ch. 31, § 6), however, has given the words a somewhat narrow or restricted meaning, which has continued down to former section 690 of the Penal Law, *" carnal knowledge of an animal or bird, etc."*, the perpetrator being the one who had carnal knowledge and *" voluntarily submits to such carnal knowledge "* to indicate the pathic. Were it not for the historical handicap of the restricted meaning set forth above, the words " carnally knows " in the present section might be given a broader interpretation to include the acts of the pathic. In fact such an argument would have real merit. It is interesting to observe, although not determinative of our problem, that the English courts grappled with the present fact situation over 100 years ago holding the adult pathic guilty of felony with the perpetrator an infant (*Regina* v. *Allen,* 1 Den. CC 364).

It is important to note that the words " *voluntarily submits to such carnal knowledge* " were left out of the amended sodomy section in effect at the time of the incident alleged herein. Under the former section there was no question but that the pathic who voluntarily submitted to an act of carnal knowledge

was guilty of a felony. The present section places criminal responsibility on the adult, but not on the infant pathic. Since the purpose of the section was to protect infants under 18 from sodomous acts at the instance of adults, it is probable that the omission of the words "voluntarily submits to such carnal knowledge" was an oversight in the enactment of this legislation. In our view, if the adult pathic is to be criminally responsible under second degree sodomy there must be corrective legislation.

In the charge, the court stated correctly in substance that the indictment charged and the People claimed that the infant had carnal knowledge of the adult pathic and that by aiding and abetting in the commission and consummation of the act, the adult defendant is made guilty as a principal with the actual perpetrator. However, he went further and erroneously stated that if the jury found the above in substance they could find defendant guilty of sodomy in the second degree.

Under the facts herein Proctor, because of his age, violated the last paragraph of the statute and could be guilty only of a misdemeanor. The defendant by aiding and abetting would become a principal (Penal Law, §§ 2, 27) but he would be aiding and abetting in the commission of a misdemeanor, which is itself a misdemeanor (Penal Law, § 1936). The jury returned a verdict of guilty of attempted sodomy in the second degree.

In the opinion of the court, the record before us does not sustain the judgment with respect to the degree of the crime found as a felony; but it does warrant a judgment of conviction for an attempt to commit a misdemeanor within the Code of Criminal Procedure (§ 543, subd. 2).

The judgment should therefore in accordance with that section be modified accordingly to reverse the conviction for the felony and to vacate the sentence therefor; and to provide that defendant be convicted of an attempt to commit the misdemeanor set forth in this opinion and be sentenced the maximum term therefor, a period of six months.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Judgment modified by reversing on the law and the facts, the conviction for the felony and the sentence therefor is vacated; and to provide that defendant be convicted of an attempt to commit the misdemeanor set forth in the opinion herein and the defendant is sentenced the maximum term therefor, a period of six months.